IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0107-14 |
| | ) |
| v. | ) DECISION & ORDER RE: |
| | ) DEFENDANT'S MOTION FOR |
| KURT ANDERSON DAMIAN, | ) JUDGMENT OF ACQUITTAL |
| | ) (9 GCA § 100.10) |
| Defendant. | ) |
| | ) |

## I.

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon at Kurt Anderson Damian's ("Defendant") Jury Trial, which began on July 28, 2014. Defendant was present and represented by Assistant Alternate Public Defender Stephen P. Hattori and Assistant Attorney General Gerald L. Henderson represented the People of Guam ("the People"). At close of the People's case on July 29, 2014, Defendant made an oral motion for judgment of acquittal ("Motion") on all of the charges brought against him.

The Court **GRANTED** Defendant's Motion as to the First Charge of Aggravated Assault (As a 3rd Degree Felony) and the Second Charge of Second Degree Robbery (As a 2nd Degree Felony).

The Court **DENIED** Defendant's Motion as to the Third Charge of Theft by Receiving Stolen Property (As a 2nd Degree Felony), the Fourth Charge of Felony Vehicle Identification (As a 3rd Degree Felony), the Fifth Charge of Eluding a Police Officer (As a Misdemeanor), and the Sixth Charge of Assault (As a Misdemeanor). The Court now issues the following written Decision and Order memorializing and setting forth the reasons for its ruling.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged, in a Superceding Indictment filed April 11, 2014, with Aggravated Assault (As a 3rd Degree Felony), Second Degree Robbery (As a 2nd Degree Felony), Theft by Receiving Stolen Property (As a 2nd Degree Felony), Felony Vehicle Identification (As a 3rd Degree Felony), Eluding a Police Officer (As a Misdemeanor), and Assault (As a Misdemeanor). Jury Trial began on July 28, 2014. The witnesses called by the People to present their case in chief included alleged victim Janessa Darlene Tydingco, eyewitness Ryan James Quichocho, and the investigating and arresting Guam Police Officers. At the close of the People's case on July 29, 2014, Defendant moved for a judgment of acquittal under 8 GCA § 100.10 on all of the charges, arguing that the People did not present enough evidence for a rational trier of fact to conclude beyond a reasonable doubt that Defendant committed any of the charged offenses.

After hearing oral arguments from both parties, the Court ruled from the bench and denied Defendant's Motion on the charges of Felony Vehicle Identification, Eluding a Police Officer, and Assault, finding ample evidence was presented to support these charges. The Court granted Defendant's Motion on the charge of Aggravated Assault, finding no evidence of an attempt by Defendant to cause serious bodily injury was presented. The Court reserved ruling on the Charges of Second Degree Robbery and Theft by Receiving Stolen Property in order to further examine the evidence introduced at trial.

Upon resuming trial on July 31, 2014, the Court denied Defendant's Motion on the charge of Theft by Receiving Stolen Property, finding evidence of the essential elements of the charge was presented, and granted Defendant's Motion on the charge of Second Degree

Robbery, finding no evidence present to support the victim being in fear of serious bodily injury. Following the Court's ruling on Defendant's Motion, Defendant rested and the matter was submitted to the jury.

**III.**

**APPLICABLE LAW**

A motion for judgment of acquittal of one or more offenses charged should be granted if "after the evidence on either side is closed[,] the evidence is insufficient to sustain a conviction of such offense or offenses." 9 GCA § 100.10 (2005). "The trial court determines whether a motion for judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged." *People v. Chin Song*, 2012 Guam 21 ¶ 27 (citing *People v. Tennesen*, 2009 Guam 3 ¶ 14). Under this test, the Court reviews "the evidence presented at trial in the light most favorable to the People [to] determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* ¶ 26 (citing *Tennesen* ¶ 14).

Further, in evaluating the sufficiency of the evidence, the Court is only "concerned with the existence or nonexistence of evidence, not its weight." *Chin Song* ¶ 29 (citing *State v. Weston*, 625 S.E. 2d 641, 648 (S.C. 2006)). This standard also applies "when the People rely exclusively on circumstantial evidence." *Id.* (citing *State v. Elmore*, 628 S.E. 2d 271, 273 (S. C. Ct. App. 2006)).

//

//

//

//

# IV.

## ANALYSIS

### A. Aggravated Assault (As a 3rd Degree Felony)

Defendant was indicted under 9 GCA § 19.20(a)(2) for attempting to cause "serious bodily injury to [Janessa Darlene Tydingco]." In this context, "serious bodily injury" includes bodily injury that creates "serious permanent disfigurement, a substantial risk of death or serious, permanent disfigurement, severe or intense physical pain, or protracted loss or impairment of consciousness or of the function of any bodily member or organ." 9 GCA § 16.10(c).

Ms. Tydingco testified at trial that Defendant placed his hands on her neck, but that it was only for a moment, and it was done while trying to restrain Ms. Tydingco during an altercation. Minute Sheet, Jury Trial Day 4 at 3:29:45 PM (July 29, 2014). This account was corroborated by testimony from Ryan James Quichocho. *Id.* at 3:56:01 PM. Even if viewed in a light most favorable to the People, the momentary placing of Defendant's hands on Ms. Tydingco's neck did not provide enough evidence for a rational trier of fact to conclude beyond a reasonable doubt that Defendant attempted to cause "serious bodily injury" to Ms. Tydingco, as defined under the statute. Therefore, the Court **GRANTED** Defendant's Motion as to the Charge of Aggravated Assault.

### B. Second Degree Robbery (As a 2nd Degree Felony)

Defendant was indicted under 9 GCA § 40.20(a)(2) for "intentionally putting [Janessa Darlene Tydingco] in fear of immediate serious bodily injury" while in the course of committing the theft of a cell phone. A trier of fact could rationally find "fear of serious bodily injury" when presented with evidence of a verbal threat made by the defendant, the use of a weapon, or the

victim testifying to being afraid of death or serious bodily injury. *See People v. Cruz*, 1998 Guam 18 ¶20 (denying defendant's motion where witness testified he was scared because defendant had a knife and stated he would use it) and *Commonwealth v. Jannett*, 58 A.3d 818, 822 (2012) (finding sufficient evidence to support a conviction where defendant stated he had a gun and witnesses testified that they were afraid).

At trial, there was no evidence presented for a rational trier of fact to find that Defendant intentionally put Ms. Tydingco in "fear of immediate serious bodily injury." There was no testimony from any witness indicating that Defendant made threats to Ms. Tydingco or that Defendant was wielding a weapon. Further, Ms. Tydingco did not testify to being in fear of death, serious bodily injury, or any bodily injury during her altercation with Defendant. Accordingly, the Court **GRANTED** Defendant's Motion as to the Charge of Second Degree Robbery.

## C. Theft by Receiving Stolen Property (As a 2nd Degree Felony)

Defendant was indicted under 9 GCA § 43.50(a) for intentionally receiving, retaining or disposing of the motor vehicle of Chelsea R.C. Tedtaotao, knowing that it had been stolen or believing that it had probably been stolen.

Evidence of every essential element of Theft by Receiving Stolen Property was presented at trial. Testimony from Guam Police Officers indicated that on multiple occasions Defendant was in possession of a vehicle that was reported stolen by Ms. Tedtaotao, from which the jury could reasonably infer that Defendant intentionally received and retained the vehicle. Minute Sheet, Jury Trial Day 3 at 11:12:51 AM and 11:26:01 AM (July 28, 2014).

Additionally, evidence was presented at trial indicating that there was a dashboard cover personalized for Ms. Tedtaotao in the vehicle (Minute Sheet, Jury Trial Day 3 at 10:58:07 AM

(July 28, 2014)), that the license plates on the vehicle were changed multiple times while in the defendant's possession (*id.* at 11:21:04 AM and 11:46:37 AM), and that Defendant, while in possession of the vehicle, had lied multiple times when confronted by Guam Police Officers (*id.* at 11:19:40 AM, 11:27:12 AM). Based on this evidence, a rational trier of fact could infer that Defendant knew that the vehicle had been stolen or at least believed that it had probably been stolen.

Defendant's continuous possession of the vehicle, his interaction with police officers, and the characteristics of the vehicle provided enough evidence for a rational trier of fact to find that Defendant intentionally received and retained Ms. Tedtaotao's motor vehicle, knowing that it had been stolen or believing that it had probably been stolen. Therefore, the Court **DENIED** Defendant's Motion as to the Charge of Theft by Receiving Stolen Property.

### D. Felony Vehicle Identification (As a 3rd Degree Felony)

Defendant was indicted under 16 GCA § 9102(a) for intentionally defacing or altering the distinguishing number or identification mark of a vehicle required or employed for registration purposes without written authorization from the Department of Revenue and Taxation, or placing another mark upon a vehicle, except one assigned thereto by the Department.

The Court determined evidence was introduced at trial to find the essential elements of Felony Vehicle Identification. Testimony from Guam Police Officers indicated that Defendant was driving Chelsea Tedtaotao's stolen vehicle on two separate occasions with two different license plates, neither of which was the one assigned to it by the Department of Revenue and Taxation. Minute Sheet, Jury Trial Day 3 at 11:21:04 AM and 11:46:37 AM (July 28, 2014). Based on this evidence, the Court determined that a rational trier of fact could have found that Defendant intentionally placed the license plates, which were not assigned to the vehicle by the

Department of Revenue and Taxation, upon the vehicle. Therefore, the Court **DENIED** Defendant's Motion as to the Charge of Felony Vehicle Identification.

### E. Eluding a Police Officer (As a Misdemeanor)

Defendant was indicted under 16 GCA § 3301.1 for eluding Guam Police Officers, while being pursued, by failing or refusing to stop when signaled to do so by sirens and lights mounted on the Officers' marked police car.

At trial, testimony regarding Guam Police Officers' pursuit of Defendant provided evidence of all the essential elements of Eluding a Police Officer. Testimony from Guam Police Officer Santos indicated that he was pursuing Defendant in a marked police vehicle with both the lights and sirens activated. Minute Sheet, Jury Trial Day 3 at 11:43:04 AM (July 28, 2014). Officer Santos testified that Defendant failed to stop, drove away, and then parked the car and proceeded on foot. *Id.* at 11:44:50 AM. It is clear that, based on this account, a rational trier of fact could find that Defendant eluded Guam Police Officers while being pursued by failing to stop when signaled to do so by sirens and lights on a marked police car. Therefore, the Court **DENIED** Defendant's Motion as to the Charge of Eluding a Police Officer.

### F. Assault (As a Misdemeanor)

Defendant was indicted under 9 GCA § 19.30(a)(1) for "recklessly caus[ing]...bodily injury to [Janessa Darlene Tydingco]." Bodily injury includes "physical pain, illness, unconsciousness or any impairment of physical condition." 9 GCA § 16.10(b).

Based on the testimony given by Ms. Tydingco at trial, the Court determined there was ample evidence for a jury to conclude beyond a reasonable doubt that Defendant committed Assault. In describing her altercation with Defendant, Ms. Tydingco testified that Defendant struck her, pulled her hair, and wrestled her to the ground. Minute Sheet, Jury Trial Day 4 at

3:15:58 PM (July 29, 2014). Photos of injuries sustained by Ms. Tydingco during the altercation were also presented as evidence. *Id.* at 3:30:40 PM. Based on this evidence, a rational trier of fact could have found that Defendant recklessly caused bodily injury to Ms. Tydingco. Accordingly, the Court **DENIED** Defendant's Motion for Acquittal as to the Charge of Assault.

## V.

## CONCLUSION

Based upon the evidence that was introduced at Defendant's trial and interpreting said evidence in a light most favorable to the People and drawing every reasonable inference from the evidence in favor of the People, a rational trier of fact could have found, beyond a reasonable doubt, the essential elements of: 1) Theft by Receiving Stolen Property; 2) Felony Vehicle Identification; 3) Eluding a Police Officer; 4) Assault. Consequently, Defendant's Motion for Judgment of Acquittal pursuant to 8 GCA § 100.10 is properly **DENIED** as to these charges.

With regard to the charges of Aggravated Assault and Second Degree Robbery, there was no evidence introduced at trial for a rational trier of fact to find the essential elements of these charges beyond a reasonable doubt. Accordingly, Defendant's Motion for Judgment of Acquittal pursuant to 8 GCA § 100.10 is properly **GRANTED** as to these charges.

SO ORDERED this 8ᵗʰ day of August, 2014.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: APD, AG, DMR

Date: 8/8/14 Time: 4:14p

Deputy Clerk, Superior Court of Guam